■ In the Matter of the Claim of JEROME LITWIN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Decision affirmed, without costs. No opinion. Herlihy, P. J., Sweeney, Kane and Reynolds, JJ.,

concur; Greenblott, J., dissents and votes to reverse in the following memorandum. Greenblott, J. (dissenting). Claimant appeals from a decision of the board which disqualified him from receiving benefits on the ground that he voluntarily left his employment by provoking his discharge. Claimant, a ticket seller at a bus terminal, was required to work from 4:30 P.M. to 2:00 A.M. On Friday, June 8, 1973, he telephoned his supervisor at approximately 4:00 P.M. to advise him that he would be late in arriving at work that day. When claimant arrived at 6:30 P.M., he was told to go home since his station at the selling counter was being covered by another employee. He returned to work on the next day, and while still angry over not being allowed to work the day before, he requested that he be paid for the hours on the previous day when he had not been permitted to work. Claimant then wrote a letter accusing his supervisor of acts of discrimination against him and stated that if he was not paid for the hours he had been prepared to work, he was going to cause trouble for his employer by bringing violations of certain rules to the attention of appropriate authorities. His employment was terminated because of the statements and accusations made in his letter. The board found that the claimant provoked his discharge because of the accusations and threats made by him in the letter to his supervisor, and, accordingly, held that he had voluntarily left his employment without good cause. Claimant's letter indicated that he felt that the employer was in violation of the Labor Law and that he was unhappy about not having been permitted to work after having called in to report that he would be late. He was not given an opportunity to discuss his grievances with management. In my view, this conduct does not rise to the level of misconduct as defined by the Court of Appeals in *Matter of James (Levine)* (34 NY2d 491), wherefore, I dissent and vote to reverse.